United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Derya Kara, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-20611-Civ-Scola |
| United States Citizenship and | ) |
| Immigration Services, Defendant. | ) |

### **Omnibus Order**

This matter is before the Court upon the Defendant, the United States Citizenship and Immigration Services' ("USCIS"), and Plaintiff Derya Kara's respective cross-motions for summary judgment on the issue of whether USCIS's denial of Kara's visa petition for failure to trace her investment funds to a lawful source was arbitrary and capricious. (Def.'s Mot., ECF No. 20; Pl.'s Mot., ECF No. 19.) In its motion, USCIS argues that Kara did not meet her burden to show by a preponderance of evidence that her capital, which was used in connection with an I-526 visa petition, was lawfully obtained. Kara, however, maintains that she satisfied her burden of production by providing USCIS with tax records that purportedly establish her funds were lawfully obtained. Kara argues she is therefore entitled to summary judgment because USCIS has not met its burden of proving the funds were not lawfully obtained. The motions are fully briefed and ripe for the Court's review. For the reasons set forth below, the Court **denies** Kara's motion for summary judgment (**ECF No. 19**) and **grants** USCIS's motion for summary judgment (**ECF No. 20**).

### I.     Background

On March 9, 2015, Kara filed an I-526 petition for classification as an EB-5 alien entrepreneur with USCIS. (Def.'s Mot. at 6.) To qualify for an EB-5 visa, an individual must invest at least $1,000,000 of capital into a new commercial enterprise in the United States and that investment must create at least ten full-time jobs for U.S. workers. Alternatively, an applicant may qualify by investing $500,000 in a project in a targeted employment area. 8 U.S.C. § 1153(b)(5)(B). Once the individual makes the required capital investment, she may submit an I-526 petition to USCIS to gain status as a legal U.S. resident on a conditional basis for two years. 8 C.F.R. § 204.6(a). Kara met the threshold eligibility requirements with her investment of $620,000 for the purpose of operating a small shopping mall in a targeted employment area in Miami, Florida.

In her petition, Kara stated that the total amount of her initial investment was $620,000 in a new business called Lexor Miami, Inc., which specializes in retail sales of watches, sunglasses, and perfume. (Def.'s Mot. at 6.) The $620,000 came from Kara's personal bank account. (*Id.*) Of that $620,000, $480,000 was derived from Kara's other business, Optimystick Eyewear, Inc., and another $140,000 was already in her personal bank account. (*Id.*) The issue in this case relates to the $480,000 that derived from Optimystick. Specifically, the parties dispute whether that $480,000 can count towards the EB-5's $500,000 minimum because, according to the USCIS, there was no direct explanation in the petition as to the origin of the $480,000 except that it derived from Optimystick. (*Id.*) In support of the petition, Kara submitted Optimystick's 2011-2013 income tax returns, Optimystick's bank statement showing the $480,000 transfer to Kara's personal account, and portions of Optimystick's state tax returns. (*Id.* at 6–7.) However, Kara did not disclose that Optimystick was the subject of a federal seizure of funds that were suspected to have originated from narcotics trafficking. (*Id.* at 7.)

On August 25, 2016, USCIS sent Kara a notice of intent to deny ("NOID") informing her that it intended to deny the petition because (1) Kara did not disclose that funds "associated with Optimystick Eyewear, Inc. were seized" and (2) in a settlement agreement "petitioner accepted a settlement payment while forfeiting the remaining funds to the United States." (*Id.*) In response to the NOID, Kara sent USCIS a signed affidavit, the settlement agreement pertaining to the seized funds, an affidavit from the company's certified public accountant, and Optimystick balance sheets and company tax documents from 2010 to 2013. (*Id.*) Kara also submitted an article on the black peso money laundering system, an illegal scheme by which drug money profits are laundered by international trade and blocked currency accounts.

On December 20, 2019, USCIS denied Kara's I-526 petition. (*Id.* at 8.) The denial letter explained that the denial was based on the federal seizure of funds tied to the illegal narcotics trade and the commingling of those funds in the account that Kara used to make her capital contribution. (*Id.*)

## II.   Legal Standards

### A. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, "summary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to a judgment as a matter of law.'" *See Alabama v. North Carolina*, 130 S. Ct. 2295, 2308 (2010) (quoting Fed. R. Civ. P. 56(a)). Here, as the parties agree, the material facts are not in dispute and the Court's

review is limited to the administrative record before the agency. Thus, this case is suited for summary disposition under Rule 56. *See Mahon v. U.S. Dep't of Agric.*, 485 F.3d 1247, 1253 (11th Cir. 2007) ("Summary Judgment is particularly appropriate in cases in which a district court is asked to review a decision rendered by a federal administrative agency."); *Florida Fruit & Veg. Ass'n v. Brock*, 771 F.2d 1455, 1459 (11th Cir. 1985) ("The summary judgment procedure is particularly appropriate in cases in which the court is asked to review . . . a decision of a federal administrative agency," especially where "the court considers the record that was before the agency"); *see also Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769 (9th Cir. 1985) ("summary judgment is an appropriate mechanism" for the district court "to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did").

### B. APA Standard of Review

When reviewing agency action under the Administrative Procedure Act ("APA"), the district court must determine whether the agency's decision was arbitrary, capricious, or an abuse of discretion. *See Mathews v. USCIS*, 458 F. App'x 831, 833 (11th Cir. 2012). This standard "provides the reviewing court with very limited discretion to reverse an agency decision, and is exceedingly deferential," especially "in the field of immigration." *See id.* (citations omitted). The relevant inquiry is "whether an agency's decision was based on consideration of the relevant factors and whether there has been a clear error of judgment." *See Mahon*, 485 F.3d at 1253 (citation omitted).

Review is limited to the material before the agency – that is, the administrative record. *See Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996). "[A] court does not consider any evidence that was not in the record before the agency at the time that it made the decision or promulgated the regulation," *see United States v. Guthrie*, 50 F.3d 936, 944 (11th Cir. 1995), because "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court," *see Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985). In making its decision, "[t]he agency is not required to discuss every piece of evidence, so long as it gives reasoned consideration to the evidence submitted." *Xunbing Liu v. U.S. Attorney Gen.*, 440 F. App'x 718, 719 (11th Cir. 2011).

The Eleventh Circuit has held that "an agency fails to give reasoned consideration to the record evidence when it misstates the contents of the record, fails to adequately explain any illogical conclusions, or provides justifications for its decision which are unreasonable or do not respond to any

arguments in the record." *See id.* "If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Lorion,* 470 U.S. at 744.

To prevail on summary judgment, where the agency denies the visa petition on multiple grounds, it need only show that one of the grounds was sufficient to deny the petition. *See Z-Noorani, Inc. v. Richardson,* 950 F. Supp. 2d 1330, 1337 (N.D. Ga. 2013) (citations omitted). For the plaintiff to succeed, he "must establish that each of these bases was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law." *Id.*

### III. Analysis

The question before the Court on the parties' cross-motions for summary judgment is whether USCIS's denial of Kara's visa petition was arbitrary and capricious. USCIS maintains Kara did not meet her burden to show by a preponderance of evidence that her capital was lawfully obtained. (Def.'s Mot. at 6.) In response, Kara contends that by submitting tax records, she has met her burden of production and the burden shifts back to the government to prove that the funds were not lawfully obtained. (Pl.'s Mot. at 5.) Based on the record and the applicable law, the Court finds USCIS's decision to deny Kara's petition is not arbitrary or capricious.

As an initial matter, Kara is not entitled to summary judgment because she failed to meet her burden of showing that all of the money she used to make her investment was lawfully sourced. Kara argues that USCIS primarily focused on tainted investment funds and failed to consider that the portion of purportedly non-tainted funds could have been enough to meet the investment requirement. (Pl.'s Mot. at 5.) However, as USCIS points out, there are no statutory or regulatory authorities that indicate in situations where tainted funds are commingled, USCIS must only consider the untainted funds. (Def.'s Mot. at 1.) Indeed, USCIS reached its decision based on the record, which lacked documentation tracing Kara's funds to a lawful source. *See Sadeghzadeh v. USCIS,* 322 F. Supp. 3d 12, 18 (D.D.C. 2018) (holding "under governing regulations and precedent, an applicant must document the complete path of her investment funds."). Therefore, Kara has not met her burden of showing that USCIS engaged in arbitrary and capricious decision-making. The "complete path" of her investment funds was not shown to be wholly devoid of illicit narcotics trafficking proceeds.

USCIS did not abuse its discretion by denying Kara's visa petition. As USCIS notes, the burden is on the petitioner to show the funds were not obtained directly or indirectly through unlawful means. *See* 8 C.F.R. § 204.6(e), (j)(3). In both her original submission and her response to USCIS's notice of intent to deny, Kara failed to address the federal seizure of funds tied to the illegal narcotics trade and the commingling of those funds in the same account that she used to make her capital contribution. (Def.'s Mot. at 8.) Kara also did not provide any additional documentation that the funds did in fact originate from a lawful source. Instead, Kara only supplied an affidavit *denying knowledge* of unlawful transactions tied to the funds, an article on the black peso money laundering system, an affidavit from the company's certified public accountant, sales reports from Optimystick, and a settlement agreement regarding the seized funds and tax records. (Pl.'s Mot. at 4.) As USCIS notes, in mandating that funds cannot be directly or indirectly obtained through unlawful means, "the regulatory focus is on the unlawful nature of the source of the funds, not the intentions, culpability, or *mens rea* of the investor." (Def.'s Mot. at 12–13; 8 C.F.R. § 204.6(e)). None of the documents Kara provides individually or collectively trace her investment funds to a lawful source, irrespective of her knowledge of their source.

USCIS's decision to deny Kara's petition was based on her failure to make an adequate record of legitimate funds. Indeed, USCIS was never given the opportunity to evaluate whether Kara's funds originated from a lawful source because Kara did not meet her burden of production by providing the necessary documentation showing that the commingled funds were all derived from lawful sources. (Def.'s Mot. at 16.) Accordingly, the Court finds that USCIS's denial based on Kara's failure to trace her investment funds to a lawful source was not arbitrary or capricious.

### IV. Conclusion

Based on the reasons set forth above, the Court **denies** Kara's motion for summary judgment (**ECF No. 19**) and **grants** USCIS's motion for summary judgment (**ECF No. 20**). USCIS's determination is affirmed. The Clerk of the Court is directed to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered** at Miami, Florida on December 29, 2020.

Robert N. Scola, Jr.
United States District Judge